# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MARK S. FRAZIER | : | CIVIL ACTION |
| v. | : | |
| CITY OF PHILADELPHIA | : | NO. 17-3741 |
| STATE OF PENN. | : | |

## MEMORANDUM

QUIÑONES ALEJANDRO, J.                                      AUGUST 29, 2017

      Plaintiff Mark S. Frazier ("Plaintiff") filed a motion to proceed *in forma pauperis* and a complaint against the City of Philadelphia and the State of Pennsylvania based on his failure to receive a Court order issued in one of his federal cases. For the following reasons, the Court will dismiss the complaint.

### I.    FACTS

      In November of 2016, Plaintiff initiated a lawsuit docketed as *Frazier v. City of Phila.*, E.D. Pa. Civ. A. No. 16-5856. He listed his address as 400 N. 19th Street in Philadelphia on both the complaint and civil cover sheet. Plaintiff's motion for leave to proceed *in forma pauperis* was denied by the Honorable Gerald McHugh, without prejudice, to Plaintiff submitting an amended motion to proceed *in forma pauperis* with more complete financial information. Plaintiff failed to file an amended *in forma pauperis* application.

      Several months later, Plaintiff filed a "motion to merge evidence from all cases into this case" and a "motion to reopen case." The Court denied those motions because "there [was] no action pending . . . due to Plaintiff's failure to pay the appropriate filing fee or receive permission to proceed without paying the fee." *Frazier v. City of Phila.*, E.D. Pa. Civ. A. No. 16-5856 (Apr.

3, 2017 order, ECF No. 8). The docket reflects that the Court mailed a copy of the order to Plaintiff at his 400 N. 19th Street address, but that the mail was returned, as undeliverable.

In the instant civil action, Plaintiff laments the fact that he did not receive notice of the Court's April 3, 2017 Order. He notes that he has been receiving mail at his current address, 315 S. Broad St. Philadelphia Pa, "for the past few years." (Compl. at 3.) Although Plaintiff never filed a notice of change of address in Civil Action Number 16-5856, as he was required to do under the local rules, E.D. Pa. L.R. 5.1(b), Plaintiff appears to be alleging that the Court should have known of his alternative address because he was using *that* address for purposes of service in civil cases filed in 2015, which were assigned to Judge Baylson, *see Frazier v. City of Phila.*, E.D. Pa. Civ. A. Nos. 15-6878, 15-936 & 15-935. Accordingly, Plaintiff concludes that his failure to receive the Court's order in Civil Action Number 16-5856 must have been a result of "intentional mail fraud." (Compl. at 3.). He alleges that he was not able to file a timely appeal because he did not receive the Court's order.

Based on those facts, Plaintiff initiated the instant lawsuit against the City of Philadelphia and the Commonwealth of Pennsylvania. He seeks an injunction "to prevent continued violations by [the defendants] or third party agents or interests" and a million dollars in damages. (Compl. at 4.).

## II.     STANDARD OF REVIEW

Plaintiff's motion to proceed *in forma pauperis* is granted because it appears that he is incapable of paying the filing fees to commence this civil action. Accordingly, 28 U.S.C. § 1915(e)(2)(B)(i) and (ii) require the Court to dismiss the complaint if it is frivolous or fails to state a claim. A complaint is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). It is legally baseless if "based on an indisputably

meritless legal theory," *Deutsch v. United States*, 67 F.3d 1080, 1085 (3d Cir. 1995), and factually baseless "when the facts alleged rise to the level of the irrational or the wholly incredible." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).

To survive dismissal for failure to state a claim, the complaint must contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). "[M]ere conclusory statements[] do not suffice." *Id.* As Plaintiff is proceeding *pro se*, the Court construes his allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

### III.  DISCUSSION

The statutory basis for Plaintiff's claims is unclear. It appears that he may be attempting to raise a claim of denial to his right to access the courts pursuant to 42 U.S.C. § 1983.[1] Initially, the complaint borders on being factually baseless because Plaintiff appears to be solely surmising on the fact that he did not receive notice of a Court order that the Commonwealth of Pennsylvania or the City of Philadelphia are somehow tampering with his mail. In any event, even if Plaintiff's allegations were not implausible, his claims against the Commonwealth of Pennsylvania are legally without merit because the Commonwealth is not subject to suit under § 1983. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 66 (1989) (explaining that § 1983 "does not provide a federal forum for litigants who seek a remedy against a State for alleged deprivations of civil liberties"). Plaintiff also has not stated a claim against the City of Philadelphia because he has not alleged a municipal policy or custom that led to the violation of

---

[1] To the extent Plaintiff is attempting to raise claims based on alleged violations of criminal laws, his claims fail. *See Cent. Bank of Dover, N.A. v. First Interstate Bank of Denver, N.A.*, 511 U.S. 164, 190 (1994) ("We have been quite reluctant to infer a private right of action from a criminal prohibition alone[.]").

his rights. *Monell v. Dep't of Soc. Servs. of N.Y.*, 436 U.S. 658, 691 (1978) (municipal liability under § 1983 must be predicated upon a municipal policy or custom).

Furthermore, if Plaintiff did not initially receive notice of the Court's Order he sought to appeal, he could have filed a motion to reopen, within the time period to file an appeal pursuant to Federal Rule of Appellate Procedure 4(a)(6), after he learned of the Court's order. In light of that remedy, which was available to Plaintiff, it is difficult to see how he could prevail on a claim that he was denied access to the courts. Also fatal to Plaintiff's claim is the fact that there is no merit to any appeal from the Court's April 3, 2017 Order in Civil Action Number 16-5856, because the docket reflects that Plaintiff had not, in fact, returned an amended *in forma pauperis* application. *See generally Christopher v. Harbury*, 536 U.S. 403, 415 (2002) (denial of access claim requires showing that underlying claim was arguable or non-frivolous). Plaintiff was required to either pay the applicable fees or file a sufficient motion to proceed *in forma pauperis* before the Court could proceed with his claims, and he did not.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff's complaint is dismissed. Plaintiff does not have leave to amend because any amendment would be futile. Plaintiff's motion to relate case to 15-6878 is denied. An appropriate order follows, which shall be docketed separately.

NITZA I. QUIÑONES ALEJANDRO, USDC, J.